GREGORY E. GOLDBERG (Admitted Pro Hac Vice (Nov. 17, 2011))
HOLLAND & HART LLP
555 17TH STREET, SUITE 3200
DENVER, CO 80202
303.295.8099
GGOLDBERG@HOLLANDHART.COM

IZZY RAMSEY (CSBN: 189820)
803 HEARST AVENUE
BERKELEY, CA 94710
510.548.3600
FAX: 510:291-3060
IZZY@RAMSEY-EHRLICH.COM

Attorneys for Defendant Gary Anderson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GARY ANDERSON,<br><br>Defendant. | CASE NO. CR 11-00795 CRB<br><br>**DEFENDANT GARY ANDERSON'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**<br><br>**<u>REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED</u>** |

Defendant Gary Anderson, by and through his undersigned counsel, Izzy Ramsey, Esq., and Greg Goldberg, Esq., respectfully submits the following Sentencing Memorandum and Motion for Downward Variance.

**I.    Summary.**

Mr. Anderson respectfully urges this Court to impose a sentence comprising a term of probation, which in light of the following factors undersigned counsel believe is "sufficient, but not greater than necessary," to fulfill the principles set forth at 18 U.S.C. § 3553(a):

- Mr. Anderson's lack of any criminal history.
- █████████████████████████████
- The lack of any chance of recidivism.
- Mr. Anderson's age (81 years old) and poor health.
- Mr. Anderson's role as primary caregiver for his 84-year-old wife.
- Mr. Anderson's righteous life prior to the instant conduct.
- The reputational consequences already suffered.
- The relatively low restitution ($1,000).

Should the Court determine that a prison sentence is appropriate, in consideration of the individualized factors discussed below, Mr. Anderson respectfully asks the Court to impose a split sentence of one day of imprisonment with the remainder to be served in home detention.

**II.    Mr. Anderson.**

Mr. Anderson was born to a working class family in Jonestown, New York, in 1937.  He served in U.S. Army from 1960 to 1964.  After his honorable discharge, he went to work in the steel industry. In 1978, he started Delta Metals, which fabricates sheet metal and has employed thousands of people over the past 40 years.  He has no criminal history.

He has been married to Denise Anderson (84 years old) for more than 50 years, and they have three children, one of whom is deaf.  He remains the primary care giver to himself and his wife, who continue to live on their own and find themselves in declining health.

In retiring to California to be near his daughter (who is deaf), Mr. Anderson began to attend

foreclosure auctions intending to legitimately purchase "fix and flip" properties for his daughter to work on.  During a four-month period—from July 2010 to October 2010—Mr. Anderson participated in bid rigging on several foreclosure properties, but soon recognized the wrongfulness of this conduct and discontinued it.

**III.    Case Posture.**

Mr. Anderson waived indictment more than six years ago and entered a guilty plea on February 15, 2012, to bid rigging and conspiracy.  Presentence Investigation Report, April 12, 2018 (Doc. 77) ("PSR") ¶ 2; Doc. 16.  The government later dropped the conspiracy charge, and Mr. Anderson entered a renewed plea to the bid rigging charge only.  PSR ¶ 2; Docs, 74, 75.

Mr. Anderson's Base Offense Level is 12 and Criminal History Category is I; after adjustments and acceptance of responsibility, his Total Offense Level is 13, PSR ¶¶ 26-35, resulting in an advisory guideline imprisonment range of 12 – 18 months. PSR ¶ 60.  The Probation Office has recommended a downward variance to three years' probation (with 3 months home detention), a $50,000 fine, and $1,000 restitution.  PSR at 18.[1]



1  **V.    Sentencing Factors.**

2       As this Court is aware, sentencing in a federal criminal case is a two-step process. First, the

3  Court must determine the applicable guideline range as calculated under the U.S. Sentencing Guidelines.

4  Second, the Court must undertake an *individualized* application of the sentencing factors set forth in 18

5  U.S.C. § 3553(a) to determine the appropriate sentence for the particular defendant before the Court. *See*

6  *United States v. Booker*, 543 U.S. 220 (2005). Section 3553(a) imposes the earnest obligation on the

7  district court of fashioning a sentence that is "sufficient, but not greater than necessary" to serve the

8  purposes set forth in that section, *United States v. Chavez*, 611 F.3d 1006, 1009 (9th Cir. 2010), based

9  on numerous factors such as:

10       • "the nature and circumstances of the offense";

11       • "the history and characteristics of the defendant";

12       • reflecting "the seriousness of the offense";

13       • affording "adequate deterrence";

14       • protecting the public; and

15       • "the need to avoid unwarranted sentence disparities among defendants with similar
         records who have been found guilty of similar conduct."

16
17  18 U.S.C. § 3553(a) Section 3553(a)(1) – (6).

       In this case, counsel respectfully submits that the Section 3553(a) factors weighs *strongly* in

18  favor of a probated sentence, as recommended by the Probation Office, which though a variance would

19  be sufficient, but not greater than necessary, to achieve the goals of Section 3553(a).

20       **A.    Probation Would Reflect the Seriousness of the Offense, Promote Respect For the
            Law, and Provide Just Punishment for the Offense.**

21
22       As detailed in the PSR, Mr. Anderson is an 81-year-old man with no criminal history. PSR ¶¶

23  37-43.  For 75 years prior to this incident, Mr. Anderson led a productive, fruitful life as a businessman,

24  employer of thousands of people over his career, community leader, and law-abiding citizen.  Indeed,

25  since cooperating and initially pleading guilty in February 2012, Mr. Anderson has continued his law-

26  abiding life without incident while on personal recognizance bond for more than six years.  The conduct

27  giving rise to Mr. Anderson's guilty plea is inconsistent with the remarkable, charitable, and business-

28  oriented life he has led.  In 60 years of working in the steel business, Mr. Anderson has started various

new businesses, invested and mentored scores of young business people, created thousands of jobs. These attributes will be explained further in letters of support that Mr. Anderson anticipates will be tendered to the Court prior to sentencing by people who have known him for decades.  Mr. Anderson has fully accepted responsibility, pleading guilty and saving the Government and the Court the resources associated with trial.

Mr. Anderson recognizes the seriousness of his criminal conduct and is devastated by this case. With that underpinning, he respectfully submits to the Court that a sentence of probation, of whatever length deemed appropriate by the Court, would promote the policies underlying Section 3553(a)(2) more appropriately than a sentence of incarceration. This is Mr. Anderson's first encounter with the criminal justice system in his 81 years; his progress through the system, including indictment, conviction, surrendering to the U.S. Marshals Service, and negative reputational implications have exacted a heavy mental and emotional toll.

**C.      Probation Would Adequately Protect the Public Because There Is Virtually No Chance Of Recidivism In This Case.**

Nor is a sentence of imprisonment in this case necessary to "protect the public from further crimes of the defendant." 18 U.S.C. § 3552(a)(2)(C).  Mr. Anderson's criminal offense related to bid-rigging on the purchase of houses in foreclosure auctions.  Though serious, this was not a crime of violence, and Mr. Anderson has no criminal history.  It is important to note that his role in the offense was limited, spanning from July 2010 to October 2010.  And while this activity led to some economic harm, the restitution in his case is $1000; the Mandatory Victims Restitution Act does not apply in this case, and no individuals were harmed.  PSR ¶ 21.  The PSR contains no suggestion that Mr. Anderson presents any risk of recidivism. At 81-years-old in declining health, Mr. Anderson is eager to move forward with what little of his active life remains and to care for his wife.  To the extent the Court perceived any residual risk, various conditions could be imposed as a part of probation. Imprisonment with respect to Mr. Anderson simply is not necessary in this case to achieve any principle set forth in the 3553 factors.

**VI.      Similarly Situated Defendants Have Received Probation In the Northern and Eastern Districts of California.**

As the Court may be aware, the DOJ antitrust investigation of bid rigging at real estate foreclosure auctions in California has involved scores of defendants throughout several northern California counties (Alameda, Contra Costa, San Francisco, San Joaquin, and San Mateo counties); indeed, there are 23 defendants in this case alone pending before this Court, all of whom have pled

SENTENCING STATEMENT AND MOTION FOR VARIANT SENTENCING – GARY ANDERSON
No. CR 11-CR-00795 CRB                          6

guilty.  Collectively, these cases are referred to as the "Similar Antitrust Cases."  Though undersigned counsel is not overly familiar with the Similar Antitrust Cases, public court records indicate that such cases (which are pending before several judges in the Northern and Eastern Districts of California, including Your Honor, Chief Judge Hamilton, and Judge Shubb) are sufficiently similar to this case to merit careful consideration in order "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a) Section 3553(a)(6).

Based on his personal characteristics, his limited role in the underlying conduct, and his cooperation, Mr. Anderson appears to resemble numerous other defendants in Similar Antitrust Cases who have received sentences of probation (indeed, Mr. Anderson's case for probation is even stronger than most), as shown in the attached chart.  *Attachment B*.

## VII.   Mr. Anderson Does Not Object To The Probation Office's Recommended Sentence Of Probation, Fine, And Restitution.

The Probation Office recommends a variant sentence to 3 years of probation (including a term of 3 months of mandatory monitoring, i.e., home detention), a fine of $50,000, and $1,000 restitution.  PSR at 18.  The presumptive fine range in this case is $20,000 to $69,373.  PSR ¶ 72 (citing USSG §§5E1.2(c)(3), (c)(4) and (h)(1)), and the government recommends a fine of between $3,000 - $30,000, Doc. 75 at ¶ 9.  Mr. Anderson has no objection.  Also, as noted in the PSR, "[p]ursuant to 18 U.S.C. § 3663(a)(1)(A), restitution in the total amount of $1,000 may be ordered in this case," PSR ¶ 74, which is consistent with Mr. Anderson's plea agreement, Doc. 75 at ¶ 9.  Again, Mr. Anderson has no objection.

**VIII.    Conclusion.**

Mr. Anderson and undersigned counsel respectfully submit that the factors discussed above – his personal characteristics, his substantial cooperation, and the nature of and his role in the offense – weigh heavily in favor of a sentence to probation, as recommended by the Probation Office.  Ultimately, we leave this crucial decision where it belongs – in the sound discretion and wisdom of the Court.

| | |
|---|---|
| _____/s/_____<br>GREGORY E. GOLDBERG<br>Counsel for Defendant Gary Anderson<br><br>Holland & Hart LLP<br>555 Seventeenth Street, Suite 3200<br>Denver, CO 80202-3979 | DATED:  April 19, 2018 |
| _____/s/_____<br>ISMAIL RAMSEY<br>Counsel for Defendant Gary Anderson<br>Ramsey & Ehrlich LLP<br>803 Hearst Avenue<br>Berkeley, CA 94710 | DATED:  April 19, 2018 |